UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES HUTCHINS,<br>    Plaintiff,<br>    v.<br>NATIONSTAR MORTGAGE LLC, et al.,<br>    Defendants. | Case No. 16-cv-7067-PJH<br><br>**ORDER GRANTING MOTION TO DISMISS COMPLAINT** |

The motion of defendant Nationstar Mortgage LLC ("Nationstar") for an order dismissing the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim came on for hearing before this court on May 10, 2017. Plaintiff James Hutchins appeared by his counsel Osman Tahir, and Nationstar appeared by its counsel Megan Kelly. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the court hereby GRANTS the motion as follows and for the reasons stated at the hearing.[1]

The first cause of action for violation of California Civil Code § 2923.6 is DISMISSED WITH LEAVE TO AMEND. Section 2923.6 prohibits a foreclosing entity from recording a notice of default or notice of trustee's sale or conducting a sale while a

---

[1] The complaint names two defendants – Nationstar (the mortgage servicer), and NBS Default Services ("NBS"). However, NBS (the Trustee in the May 27, 2016 Notice of Trustee's Sale) has not appeared. In the Notice of Removal, Nationstar alleges that NBS filed a declaration of non-monetary status and that plaintiff has not objected to the declaration, and that NBS "does not expect to participate in this matter any further." Notice of Removal ¶ 6. At the hearing, plaintiff's counsel appeared to agree that plaintiff was not pursuing claims against NBS.

complete loan modification application is pending. Cal. Civ. Code § 2923.6(c). The ban on so-called "dual-tracking" becomes effective once the borrower submits a "complete first lien loan modification application." Id. A loan modification application is "complete" once "a borrower has supplied the mortgage servicer with all documents required by the mortgage servicer within the reasonable timeframes specified by the mortgage servicer. Cal. Civ. Code § 2923.6(h).

It is unclear how plaintiff contends Nationstar violated § 2923.6. In amending this cause of action, plaintiff must allege facts showing that he submitted a complete loan modification application to Nationstar (and specifying when he did so); and must allege facts showing that there was dual-tracking at the time the Notice of Default was recorded in November 2015 or the Notice of Sale was recorded in May 2016 (i.e., that Nationstar recorded foreclosure notices during the time that the loan modification application was pending), and that the purported violations of § 2923.6 were material in that they caused him harm. To the extent plaintiff is attempting to invoke § 2923.6(g), he must allege facts showing a specific change in financial circumstances that was documented and submitted to Nationstar.

The second cause of action for violation of California Civil Code § 2923.7 is DISMISSED WITH LEAVE TO AMEND. In relevant part, § 2923.7 provides that "[u]pon request from a borrower who requests a foreclosure prevention alternative, the mortgage servicer shall promptly establish a single point of contact ["SPOC"] and provide to the borrower one or more direct means of communication with the single point of contact." Cal. Civ. Code § 2923.7(a). The SPOC can be an individual or a team of personnel, but must (among other things) possess sufficient knowledge about foreclosure alternatives, and have access to individuals who have the ability and authority to stop foreclosure proceedings. Cal. Civ. Code §§ 2923.7(b)-(d). Moreover, "[t]he mortgage servicer shall ensure that each member of the [SPOC] team is knowledgeable about the borrower's situation and current status in the alternatives to foreclosure process." Cal. Civ. Code § 2923.7(e).

It is unclear how plaintiff claims Nationstar violated § 2923.7.  In amending this cause of action, plaintiff must (as with the claim under § 2923.6) allege facts showing that he submitted a complete loan modification application to Nationstar (and specifying when he did so); and must allege facts showing that Nationstar failed to provide him with a SPOC, and that this failure to provide a SPOC in violation of § 2923.7 was material in that it caused him harm.

The third cause of action for violation of California Business and Professions Code § 17200 ("UCL") is DISMISSED WITH LEAVE TO AMEND.   The UCL authorizes actions for injunctive relief to enjoin "unfair competition."  Cal. Bus. & Prof. Code § 17203.  "Unfair competition" is defined as any "unlawful, unfair or fraudulent business act or practice."  Cal. Bus. & Prof. Code § 17200.  To assert a violation of the UCL, a plaintiff may plead facts showing a  violation under any one of three prongs.

Here, plaintiff alleges that Nationstar violated the UCL under all three prongs of § 17200.  To state a cause of action based on an "unlawful" business act or practice under the UCL, a plaintiff must allege facts sufficient to show a violation of some underlying law.  People v. McKale, 25 Cal. 3d 626, 635 (1979).  Plaintiff alleges that Nationstar's alleged violation of Civil Code §§ 2923.6 and 2923.7 constitute a violation of the "unlawful" prong.  Thus, this part of the claim is entirely derivative of the claims under §§ 2923.6 and 2923.7.

To state a claim for an "unfair" business act or practice under the UCL, using the "tethering test," a plaintiff must identify a public policy that is "tethered to specific constitutional, statutory, or regulatory provisions."  Drum v. San Fernando Valley Bar Ass'n, 182 Cal. App. 4th 247, 256 (2010).  Plaintiff alleges that Nationstar's alleged violation of §§ 2923.6 and 2923.7 constitute a violation of the "unfair" prong, based on the "public policy" embodied in California's Homeowner's Bill of Rights.  Thus, this part of the claim is entirely derivative of the claims under §§ 2923.6 and 2923.7.

To state a claim for a "fraudulent" business act or practice, a plaintiff must allege facts showing that the defendant engaged in a business act or practice in which members

3

of the public are likely to be deceived. Weinstat v. Dentsply Int'l, Inc., 180 Cal. App. 4th 1213, 1223 n.8 (2010) (citations omitted). In addition, however, in federal court, UCL claims premised on fraudulent conduct trigger the heightened pleading standard of Rule 9(b) of the Federal Rules of Civil Procedure. Kearns v. Ford Motor Co., 567 F.3d 1120, 1125 (9th Cir. 2009). "Rule 9(b) requires a party to 'state with particularity the circumstances constituting fraud or mistake,' including 'the who, what, when, where, and how of the misconduct charged.'" Ebeid ex rel. U.S. v. Lungwitz, 616 F.3d 993, 998 (9th Cir.2010) (quoting Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003)).

It is unclear how plaintiff alleges that Nationstar violated the "fraudulent" prong of the UCL. In amending this cause of action, plaintiff must allege particularized facts showing the "who, what, when, where, and how" of the alleged deceptive conduct. It is insufficient for plaintiff to simply allege, as he has here, that Nationstar engaged in "deceptive business practices with respect to mortgage loan servicing, foreclosure of residential properties and related matters[;]" or that it sent plaintiff "false and misleading advertisements misrepresenting the availability of options to save [p]laintiff's home and leading [p]laintiff . . . to think that he could save his home in a matter of days if he just called [d]efendant for help;" or that it "misrepresent[ed] the foreclosure status to [p]laintiff regarding his property;" or that it made "false representations and false promises designed to deceive [p]laintiff into thinking he was safe from foreclosure while under review for a "loan modification" (which is also not adequately alleged). See Cplt ¶ 126. Finally, as to all three prongs, plaintiff must allege facts showing that he "suffered injury in fact" and "lost money or property" as a result of the unfair competition. See Cal. Bus. & Prof. Code § 17204.

The fourth cause of action for negligence is DISMISSED WITH LEAVE TO AMEND. To state a claim for negligence, a plaintiff must allege (1) the defendant's legal duty of care to the plaintiff; (2) breach of that duty; (3) causation; and (4) resulting injury to the plaintiff. Merrill v. Navegar, Inc., 26 Cal. 4th 465, 500 (2001). "The legal duty of care may be of two general types: (a) the duty of a person to use ordinary care in

4

activities from which harm might reasonably be anticipated, or (b) an affirmative duty where the person occupies a particular relationship to others." McGettigan v. Bay Area Rapid Transit Dist., 57 Cal. App. 4th 1011, 1016-17 (1997). "The existence of a legal duty to use reasonable care in a particular factual situation is a question of law for the court to decide." Vasquez v. Residential Invs., Inc., 118 Cal. App. 4th 269, 278 (2004).

It is unclear how plaintiff alleges that Nationstar was negligent. In amending this cause of action, plaintiff must allege facts showing that Nationstar owed him a duty of care, sufficient to show that this alleged duty falls within the narrow exception to the general rule that "a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money," see Nymark v. Heart Fed. Sav. & Loan Ass'n, 231 Cal. App. 3d 1089, 1095-96 (1991), as set forth in Alvarez v. BAC Home Loans Servicing LP, 228 Cal. App. 4th 941 (2014). Further, plaintiff must allege facts showing that Nationstar breached this duty of care, and that plaintiff was damaged thereby.

The fifth cause of action for negligence per se is DISMISSED WITH PREJUDICE, because the court finds that it fails to state a claim, and that amendment would be futile. California Evidence Code § 669 codifies the doctrine of negligence per se based on violation of a statute or regulation. See Lua v. So. Pac. Transp. Co., 6 Cal. App. 4th 1897, 1901 (1992). The statute provides that negligence of a person is presumed if he violated a statute or regulation of a public entity, if the injury resulted from an occurrence that the statute or regulation was designed to prevent, and if the person injured was within the class for whose protection the statute or regulation was adopted. Ellsworth v. Beech Aircraft Corp., 37 Cal. 3d 540, 544-45 (1984).

Negligence per se is thus an evidentiary presumption that a party failed to exercise due care if the above-listed elements are established. However, "[n]egligence per se is not an independent cause of action[,]" and it "does not establish tort liability." Quiroz v. Seventh Ave. Ctr., 140 Cal. App. 4th 1256, 1285 (2006). Nor does it provide a right of

1  action for violation of a statute.  Id.  That is, the evidentiary presumption does not
2  establish a cause of action distinct from negligence; instead, "an underlying claim of
3  ordinary negligence must be viable" before the presumption of negligence of § 669 can
4  be employed.  See Spencer v. DHI Mortg. Co., Ltd., 642 F.Supp.2d 1153, 1162 (E.D. Cal.
5  2009) (citing Cal. Serv. Station & Auto Repair Ass'n v. Am. Home Assurance Co., 62 Cal.
6  App. 4th 1166, 1178 (1998)).

7  The sixth cause of action for negligent misrepresentation is DISMISSED WITH
8  LEAVE TO AMEND.  To state a claim for negligent misrepresentation, a plaintiff must
9  plead facts sufficient to show (1) the misrepresentation of a past or existing material fact;
10 (2) without reasonable ground for believing it to be true; (3) with intent to induce another's
11 reliance on the fact misrepresented; (4) justifiable reliance on the misrepresentation; and
12 (5) resulting damage.  Bock v. Hansen, 225 Cal. App. 4th 215, 231 (2014); Wells Fargo
13 Bank, N.A. v. FSI, Financial Solutions, Inc., 196 Cal. App. 4th 1559, 1573 (2011).  Rule
14 9(b) governs pleading of negligent misrepresentation claims sounding in fraud.  See
15 U.S. Capital Partners, LLC v. AHMSA Intern., Inc., 2013 WL 594285, at *3-4 (N.D. Cal.
16 Feb. 14, 2013) (collecting cases and distinguishing the situation in which the negligent
17 misrepresentation claim sounds primarily in negligence); see also Neilson v. Union Bank
18 of Calif., N.A., 290 F.Supp. 2d 1101, 1141 (C.D. Cal. 2007).  In addition, plaintiffs must
19 allege the existence of a duty of care.  See Paz v. Calif., 22 Cal. 4th 550, 557-58 (2001).

20 As with the claim under the "fraudulent" prong of the UCL claim, it is unclear how
21 plaintiff claims Nationstar is liable for negligent misrepresentation, although it does
22 appear clear the claim sounds in fraud.  In amending this cause of action, plaintiff must
23 allege particularized facts showing the "who, what, when, where, and how" of the alleged
24 negligent misrepresentation.  It is insufficient for plaintiff to simply allege, as he has here,
25 that Nationstar "fraudulently misled" him into believing that it was going to work with
26 "[p]laintiffs [sic]" to obtain a long term solution for "[p]laintiff's" Loan or at least properly
27 review them [sic] for a loan modification[;]" and that "[p]laintiffs [sic] have been
28 fraudulently misled into believing that a long term solution to keep him [sic] in their [sic]

6

home was being worked out and a sale date was not, in fact, pending." Cplt ¶ 207.

In addition, plaintiff must allege facts showing that Nationstar owed him a duty of care that falls within the narrow Alvarez exception, as explained above with regard to the negligence cause of action. It is not sufficient to simply allege that Nationstar owes him "a duty under [unspecified] common law, California statutory law, and Federal rules and regulations[;]" and that "Nationstar asserted facts that were not true, or concealed true facts, having no reasonable ground for believing it [sic] to be true, intending [p]laintiff to rely upon the assertions as to the review of their [sic] loan modification application. See Cplt ¶ 211.

The seventh and eighth causes of action for violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e, the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, et seq., are DISMISSED WITH PREJUDICE, because the court finds that these causes of action fail to state a claim, and that amendment would be futile.

The FDCPA provides that "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. A violation of § 1692e includes "[t]he false representation of" the "character, amount, or legal status of any debt[.]" 15 U.S.C. § 1692e(2)(A). A violation also includes "[t]he threat to take any action that cannot legally be taken[.]" 15 U.S.C. § 1692e(5). Additionally, a violation occurs if the debt collector uses "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a customer[.]" 15 U.S.C. § 1692e(10). Generally, the federal FDCPA governs debt collection, creditors' giving notice to debtors about the debt, and the opportunity for debtors to dispute debts. See 15 U.S.C. § 1692g. Plaintiff's claim under the Rosenthal Act relies on an alleged violation of the FDCPA, see Cal. Civ. Code § 1788.17, and the standard that applies to the Rosenthal Act claim is the same as the standard that applies to the FDCPA claim.

Because the prohibition in § 1692e applies only to "debt collectors," the complaint

must plead facts sufficient to allow the court to draw the reasonable inference that Nationstar is a debt collector in connection with plaintiff's loan. Schlegel v. Wells Fargo Bank, NA, 720 F.3d 1204, 1208 (9th Cir. 2013). The FDCPA defines the term "debt collector" to include (1) "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts," and (2) any person "who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another." 15 U.S.C. § 1692a(6).

There is ample authority holding that a loan servicer is not a debt collector, although some courts have held that a loan servicer may be viewed as a debt collector if it begins servicing the loan after the loan is in default. See, e.g., Jara v. Aurora Loan Servs., 852 F.Supp. 2d 1204, 1211 (N.D. Cal. 2012); Naranjo v. SBMC Mortg., 2012 WL 3030370 at *9 (S.D. Cal. July 24, 2012). However, the problem here is not limited to the question whether Nationstar is a debt collector. The problem is more fundamental than that – plaintiff has alleged no facts sufficient to show any violation of the FDCPA.

As noted above, the prohibitions in 15 U.S.C. § 1692e apply to conduct "in connection with the collection of any debt" and conduct "to collect or attempt to collect any debt[,]" respectively. Plaintiffs allege claims in connection with Nationstar's servicing of the loan, including claims related to plaintiff's alleged loan modification application and claims related to whether it was proper for Nationstar to record the Notice of Default and the Notice of Sale. "[G]iving notice of a foreclosure sale to a consumer as required by the [California] Civil Code does not constitute debt collection under the FDCPA." Ho v. ReconTrust Co., NA, 840 F.3d 618, 621 9th Cir. 2016) ("actions taken to facilitate a non-judicial foreclosure, such as sending the notice or default and notice of sale, are not attempts to collect 'debt' as that term is defined by the FDCPA"); id. at 623 (citing Pfeifer v. Countrywide Home Loans, Inc., 211 Cal. App. 4th 1250, 1263-64 (2012)); see also Natividad v. Wells Fargo Bank, 2013 WL 2299601, at *5-9 (N.D. Cal. May 24, 2013) (nonjudicial foreclosure is not debt collection); Ligon v. JP Morgan Chase Bank, 2011 WL 2550836, at *3 (N.D. Cal. June 27, 2011) (collecting cases).

The ninth cause of action for an accounting is DISMISSED WITH PREJUDICE, because it fails to state a claim and the court finds that amendment would be futile. Under California law, an "accounting may be brought to compel the defendant to account to the plaintiff for money or property (1) where a fiduciary relationship exists between the parties, or (2) where, even though no fiduciary duty exists, the accounts are so complicated that an ordinary legal action demanding a fixed sum is impracticable." Jolley v. Chase Home Finance, LLC, 213 Cal. App. 4th 872, 910 (2013). Alternatively, to state a claim for an accounting, a plaintiff must allege a relationship that requires an accounting and a balance due from the defendant to the plaintiff that can only be ascertained by an accounting. Teselle v. McLouglin, 173 Cal. App. 4th 156, 179 (2009); see also Jolley, 213 Cal. App. 4th at 910. The right to an accounting is derivative of other claims. Janis v. Calif. State Lottery Com., 68 Cal. App. 4th 824, 833-34 (1998).

This claim fails because plaintiff has not alleged facts showing that he is owed money and that the calculation of the amount owing would be so complicated that it can only be done by means of an accounting, and has not alleged facts showing a relationship that would give rise to an accounting.

An accounting "may be sought where the accounts are so complicated that an ordinary legal action demanding a fixed sum is impracticable." Civic Western Corp. v. Zila Industries, Inc., 66 Cal. App. 3d 1, 14 (1977). Here, the allegations in the complaint do not support a reasonable inference that money is owed by Nationstar to plaintiff, or that calculation of the amount owed would be complicated. Rather, the allegations show that plaintiff owes a sum of money to the lender arising from the mortgage loan secured by the property, although plaintiff alleges he is "owed" money because Nationstar has imposed "improper" fees for default-related services. However, given the amount plaintiff owes on the unpaid balance of the loan, that allegation is illogical and entirely speculative.

In addition, plaintiff has not alleged facts showing a relationship that would give rise to an accounting. Although there are cases that list "existence of fiduciary duty" as

9

an element of a claim for an accounting, the general rule appears to be that it is not strictly necessary under California law that there be evidence of some fiduciary duty owed to the plaintiff, so long as there is some relationship that requires an accounting due to the possession by the defendant of money or property which the defendant is obliged to surrender. See EMC Corp. v. Sha, 2013 WL 4399025 at *6-7 * (N.D. Cal. Aug. 13, 2013) (citing Teselle, 173 Cal. App. 3d at 179-80).

Here, there is no relationship alleged between plaintiff and Nationstar that would warrant an accounting. A fiduciary relationship does not ordinarily exist between a lender and a borrower. See, e.g., Bank of America Corp. v. Superior Court, 198 Cal. App. 4th 862, 870 n.7 (2011). Similarly, a lender-borrower relationship is not a unique relationship that would support a demand for an accounting even absent a fiduciary relationship. Jolley, 213 Cal. App. 4th at 910.

As stated at the hearing, any amended complaint shall be filed no later than June 7, 2017, and defendant's response shall be filed no later than 21 days after the filing of the complaint. In addition, no new parties or causes of action may be added to the amended complaint without leave of court.

**IT IS SO ORDERED.**

Dated: May 12, 2017

_____
PHYLLIS J. HAMILTON
United States District Judge