1  MARY KATE SULLIVAN (State Bar No. 180203)
   MEGAN C. KELLY (State Bar No. 251293)
2  mck@severson.com
   SEVERSON & WERSON
3  A Professional Corporation
   One Embarcadero Center, Suite 2600
4  San Francisco, California 94111
   Telephone: (415) 398-3344
5  Facsimile: (415) 956-0439

6  Attorneys for Defendant
   NATIONSTAR MORTGAGE LLC
7

8              UNITED STATES DISTRICT COURT

9       NORTHERN DISTRICT OF CALIFORNIA — OAKLAND DIVISION

10

| 11 | JAMES HUTCHINS, an individual, | Case No. 4:16-CV-07067-PJH |
|---|---|---|
| 12 | Plaintiff, | **NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT** |
| 13 | vs. | |
| 14 | NATIONSTAR MORTGAGE LLC, a business entity form unknown; NBS DEFAULT SERVICES, a business entity form unknown, and DOES 1-100, inclusive, | [Filed concurrently with Memorandum of Points and Authorities in Support Thereof; Request for Judicial Notice in Support Thereof] |
| 15 | | |
| 16 | Defendants. | |
| 17 | | Date:   August 2, 2017<br>Time:   9:00 a.m.<br>Crtrm:  3, 3rd floor |
| 18 | | |
| 19 | | The Hon. Phyllis J. Hamilton |
| 20 | | Action Filed:   November 2, 2016<br>Trial Date:     None Set |

21

22

23

24

25

26

27

28

11951.0827/10810398.1                                              4:16-CV-07067-PJH
NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT

**NOTICE OF MOTION AND MOTION TO DISMISS:**

**PLEASE TAKE NOTICE** that the hearing on the motion by defendant Nationstar Mortgage LLC ("Nationstar") to dismiss the First Amended Complaint filed by plaintiff James Hutchins ("Hutchins") will come on for hearing on August 2, 2017, at 9:00 a.m. before the Honorable Phyllis J. Hamilton in Courtroom 3 on the 3rd floor of the above-entitled court located at 1301 Clay Street, Oakland, California 94612.

Nationstar moves to dismiss the First Amended Complaint, and each claim alleged therein, pursuant to Federal Rules of Civil Procedure 12(b)(6), on the ground that Hutchins fails to state any claim upon which relief may be granted, together with any additional grounds set forth in the accompanying memorandum of points and authorities.

The motion to dismiss is based on this notice of hearing, the supporting memorandum of points and authorities, all judicially noticed matters, all pleadings and papers on file in this action, on the reply, if any, that may be filed with the Court, and on any and such further oral made during the hearing.

DATED: June 28, 2017                    Respectfully submitted,

SEVERSON & WERSON
A Professional Corporation


By:  /s/ Megan C. Kelly
     Megan C. Kelly

Attorneys for Defendant NATIONSTAR MORTGAGE LLC

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION .................................................................................................................. 1

II.   FACTUAL BACKGROUND ................................................................................................ 1

III.  ALLEGATIONS .................................................................................................................... 2

    A.   Allegations Relating To Loan Modification Reviews................................................ 2

IV.   LEGAL STANDARD ........................................................................................................... 4

V.    THE COMPLAINT SHOULD BE DISMISSED ................................................................. 5

    A.   Hutchins Fails To State A Claim For Violation Of Section 2923.6 (Claim 1) ......... 5

    B.   Hutchins Fails To State A Claim For Violation Of Section 2923.7 (Claim 2) ......... 6

    C.   Hutchins Fails To State A Claim For Violation Of The UCL (Claim 3) .................. 7

    D.   Hutchins Fails To State A Claim For Negligence (Claim 4) .................................... 8

    E.   Hutchins Fails To State A Claim For Negligent Misrepresentation (Claim 6)......... 9

VI.   CONCLUSION .................................................................................................................... 10

**FEDERAL CASES**

*Adesokan v. U.S. Bank, N.A.*,
   2012 U.S. Dist. LEXIS 15192 (E.D. Cal. 2012) ...........................................................................9

*Armstrong v. Chevy Chase Bank, FSB*,
   2012 WL 4747165 (N.D. Cal. Oct. 3, 2012) ................................................................................8

*Ashcroft v. Iqbal*,
   129 S.Ct. 1937 (2009) .................................................................................................................4

*Associated Gen. Contractors of Cal., Inc. v. California State Council of Carpenters*,
   459 U.S. 519 (1983) ....................................................................................................................5

*Carbajal v. Wells Fargo Bank, N.A.*,
   2015 WL 2454054 (C.D. Cal. Apr. 10, 2015)..............................................................................8

*Carbajal v. Wells Fargo Bank, N.A.*,
   No. CV 14-7851 PSG PLAX, 2015 WL 2454054, at *3 (C.D. Cal. Apr. 10, 2015).................................................................................................................................10

*Colom v. Wells Fargo*
   2014 WL 5361421 (N.D. Cal. Oct. 20, 2014) .............................................................................5

*Johnson v. Riverside Healthcare Sys.*,
   534 F.3d 1116 (9th Cir. 2008).....................................................................................................4

*Navarro v. Block*,
   250 F.3d 729 (9th Cir. 2001).......................................................................................................4

*Neilson v. Union Bank of Cal., NA*,
   290 F.Supp.2d 1101 (C.D. Cal. 2003).........................................................................................9

*Rockridge Trust v. Wells Fargo, N.A.*
   985 F. Supp. 2d 1110 (N.D. Cal. 2013) ......................................................................................5

*Rubio v. Capital One Bank*
   613 F.3d 1195 (9th Cir. 2010).....................................................................................................7

*Semegen v. Weidner*,
   780 F.2d 727 (9th Cir.1985)......................................................................................................10

*Shapiro v. Sage Point Lender Servs.*
   2014 WL 5419721 (C.D. Cal. Oct. 24, 2014) .............................................................................5

*Swartz v. KPMG LLP*,
   476 F.3d 756 (9th Cir.2007)......................................................................................................10

*Warren v. Fox Family Worldwide, Inc.*,
    328 F.3d 1136 (9th Cir. 2003)......................................................................................................4

**STATE CASES**

*Alvarez v. BAC Home Loans Servicing LP*,
    228 Cal.App.4th 941 (2014).........................................................................................................8

*Daniels v. Select Portfolio Servicing, Inc.*,
    246 Cal.App.4th 1150 (2016) (review denied (July 27, 2016)) ...................................................8

*DiPirro v. American Izzu Motors Inc.*
    119 Cal.App.4th 966 (2005).........................................................................................................7

*Durell v. Sharp Healthcare*
    183 Cal.App.4th 1350 (2010).......................................................................................................7

*Intrieri v. Superior Court*,
    117 Cal.App.4th 72 (2004)...........................................................................................................9

*Lueras v. BAC Home Loans Servicing L.P.*
    221 Cal.App.4th 49 (2013)...........................................................................................................8

*Nymark v. Heart Fed. Sav. & Loan Ass'n*,
    231 Cal.App.3d 1089 (1991).......................................................................................................8

**STATE STATUTES**

California Civil Code
    § 2923.6........................................................................................................................................1
    § 2923.7........................................................................................................................................1
    § 2923.7 subd. (a).........................................................................................................................6
    § 2924.12......................................................................................................................................5
    § 2924.12 subd. (a)(1) ..................................................................................................................5
    § 2924.12 subd. (c).................................................................................................................5, 6

California Business & Professions Code
    § 17200.........................................................................................................................................1

**RULES**

Federal Rules of Civil Procedure
    8(a) ..............................................................................................................................................8
    9(b)'s............................................................................................................................................9
    12(b)(6)........................................................................................................................................4

Defendant Nationstar Mortgage LLC ("Nationstar") submits the following memorandum of points and authorities in support of their motion to dismiss the First Amended Complaint (at times, "FAC") filed by plaintiff James Hutchins ("Plaintiff").

## I. INTRODUCTION

In ruling on Nationstar's motion to dismiss the original Complaint, the Court characterized the original Complaint as "unwieldy," citing "a dearth of specific facts" and concluding "that there are simply insufficient facts" to support the causes of action asserted. The Court dismissed, with prejudice, a number of Hutchins' claims and granted Hutchins leave to amend the claims for violations of California Civil Code Sections 2923.6 and 2923.7, negligence, negligent misrepresentation and violation of California Business and Professions Code Section 17200, with the directive to "keep in mind specifically what the elements are because the facts [alleged] don't support the elements of those five causes of action." See Order on Motion to Dismiss, Doc. 30.

Hutchins filed the First Amended Complaint on June 7, 2017. Hutchins failed, however, to heed the Court's advise. Indeed, the majority of the FAC merely regurgitates the "mess" presented in the original Complaint. Despite filling in *some* of the gaps in his timeline in the FAC, Hutchins has still not alleged facts to meet each of the elements of the causes of action asserted. Hutchins simply has not stated a claim upon which relief can be granted. As a result, Nationstar respectfully requests the Court grant its motion to dismiss in its entirety, without leave to amend.

## II. FACTUAL BACKGROUND

This lawsuit relates to the real property located at 1863 Altair Avenue, Livermore, California 94550 (the, "Property"). Compl., Exhibit ("Ex.") A. Hutchins and Deborah McQueen financed the purchase of the Property through a first and second combination loan, in the principal amounts of $958,400.00 (the "Loan") and $119,680.00, respectively, from Bank of America, N.A. FAC., Ex. A; Request for Judicial Notice ("RJN"), Exhibit ("Ex."), 1. The Loan was secured by a

deed of trust recorded in the county's records ("DOT") and memorialized, at least in part, by a promissory note. FAC, Ex. A.[1][2]

On January 15, 2013, an assignment of deed of trust was recorded, whereby Bank of America, N.A. assigned the DOT to Wells Fargo Bank, N.A. as Trustee for the Certificateholders of Banc of America Mortgage Securities, Inc., Mortgage Pass-Through Certificate, Series 2004-I. RJN, Ex. 4.

An initial notice of default was recorded on May 13, 2013. RJN, Ex. 5. These initial foreclosure efforts were rescinded by virtue of a notice of recession recorded on June 27, 2013. RJN, Ex. 6.

The operative notice of default was recorded on November 6, 2015. RJN, Ex. 7. A notice of trustee's sale was recorded on May 27, 2016. RJN, Ex. 8. Hutchins does not allege a sale has gone forward.

### III.  ALLEGATIONS

**A.      Allegations Relating To Loan Modification Reviews**

Hutchins admits obtaining the Loan.  FAC, ¶ 23; see also Compl., ¶ 36. Hutchins alleges the last payment he made on the Loan was in July 2009. FAC, ¶ 24; see also Compl., ¶ 37. Hutchins alleges he applied for and was denied a modification of the Loan from the prior servicer (who is not named as a defendant) in January 2010.  FAC, ¶ 25; see also Compl., ¶ 38.  Hutchins alleges the prior servicer "conditionally approved" him for a modification of the Loan in March 2010. FAC, ¶ 25; see also Compl., ¶ 38.

Hutchins then breezes over the next three and a half years by alleging simply that he "proceeded with the loan modification process for three years until the loan servicing was transferred to Nationstar in November of 2013." FAC, ¶ 25; see also Compl., ¶ 38.

---

[1]    In 2006, Hutchins further encumbered the Property by executing a deed of trust in the principal amount of $50,000.00 to 866 Inc. RJN, Ex. 2.

[2]    In 2004, Hutchins further encumbered the Property by executing a deed of trust in the principal amount of $19,350.00 to 866 Inc Profit Sharing. RJN, Ex. 3.

1   Hutchins then backtracks and alleges that during this "three year[]" time period, in April
2   2012, he lost his job. FAC, ¶ 27; see also Compl., ¶ 39.
3   Despite the fact that Hutchins alleges Nationstar began servicing the Loan in "November
4   of 2013" (FAC., ¶ 25; see also Compl., ¶ 38), he again skips over an almost two-year period and
5   alleges he reached out to a representative of Nationstar in December 2014 to "follow up" as to the
6   "ongoing loan modification review that had been submitted to prior servicer Bank of America" *in*
7   *January of 2010* (more than three years before the service-transfer to Nationstar and almost six
8   years before this alleged follow-up).  FAC, ¶ 30.
9   Hutchins alleges that he "was unable to contact anyone at Nationstar familiar with his
10  loan."  FAC, ¶31.
11  Hutchins allegedly followed-up again seven months later in July, 2015, but contends he did
12  not receive any "written response from Nationstar…."  FAC, ¶32
13  Hutchins next alleges he spoke with a representative of Nationstar in December 2015.
14  FAC, ¶ 34; see also Compl. ¶ 41. Hutchins alleges that the Nationstar representative advised him
15  "a loan modification application was submitted, but there were no documents showing whether it
16  was approved or denied." FAC ¶34; see also Compl., ¶ 41, but see FAC, ¶35.
17  Hutchins next alleges that on or around January 22, 2016, he "contacted Nationstar…to
18  inquire about a loan modification option" and "submitted his completed loan modification
19  application. FAC, ¶ 36.  This modification was denied on March 22, 2016.  FAC, ¶37.
20  Hutchins alleges that his attorneys appealed the denial on April 21, 2016.  FAC, ¶38.
21  Hutchins alleges that a Notice of Trustee's Sale was "wrongfully recorded" on May 27,
22  2016, "because no result of the appeal of loan modification had yet been provided."  FAC, ¶39.
23  Although omitted from this amended pleading, Hutchins' original Complaint  included
24  correspondence demonstrating Nationstar reviewed Hutchins for a loan modification in or about
25  July 2016. See Compl., Ex. N.  In that letter, Nationstar explained the Loan had too high of a
26  balance for eligibility for HAMP and, that considering Hutchins' monthly income of $17,800.01
27
28

1 and property value of $1.4 million, the loan modification request was denied.  See Compl., Ex. N.[3]

2 As explained in that letter, Hutchins appealed the denial and the denial was affirmed.  See Compl.,

3 Ex. N.

4 Hutchins admits that he remains in possession of the Subject Property and that no

5 Trustee's Sale has occurred.  FAC, ¶43.

## IV.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"), a claim may be dismissed because of a "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory.  *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Although they may provide the framework for a complaint, legal conclusions need not be accepted as true and "[t]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009); see also *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). Furthermore, courts will not assume that plaintiffs "can prove facts which [they have] not alleged, or that the

---

[3] "After reviewing the account, we determined that the denial for modification assistance on July 29, 2016, was valid. The account was determined to be ineligible for the Home Affordable Modification Program (HAMP) Tier I and HAMP Tier II because the Unpaid Principal Balance (UPB) exceeds the programs' limit of $729,750.00. You stated in your correspondence that Mr. Hutchins was not reviewed for alternative modifications. Please note, the customer was not reviewed for HAMP due to the aforementioned guidelines; however, the borrower was reviewed for the remaining modification option. Unfortunately, the Standard Modification was denied due the native Net Present Value (NPV). Please note, that NPV analysis used for the Standard Modification only takes into consideration gross monthly income and property value.

Wages were calculated using gross amounts from the paystubs, provided at the time of the review, of $7,416.67 each. We multiplied $7,416.67 by 24 (paystubs per year), then divided by 12 (months per year), resulting in an average monthly income of $14,833.34. Per the Letter of Explanation submitted, the customer is paid a bonus of $35,600 each year. Therefore, we divided $35,600.00 by 12 (months per year), which equals $2,966.67 per month. **The gross monthly income on file is confirmed as $14,833.34 + $2,966.67 = $17,800.01**. The value of the property was **$1,400,000.00** at the time of the review. The process of disputing the property value is listed below…."

1 defendants have violated . . . laws in ways that have not been alleged." *Associated Gen.*

2 *Contractors of Cal., Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

## V.  THE COMPLAINT SHOULD BE DISMISSED

**A.    Hutchins Fails To State A Claim For Violation Of Section 2923.6 (Claim 1)**

Section 2923.6 is part of California's Homeowner Bill of Rights ("HBOR"). The private right of action under the HBOR is limited.  California Civil Code section 2924.12 ("section 2924.12") provides the limited standing.  Specifically, "[i]f a trustee's deed upon sale has not been recorded, a borrower may bring an action for injunctive relief to enjoin a material violation of [s]ection 2923.55, 2923.6, 2923.7, 2924.9, 2924.10, 2924.11, or 2924.17."  Cal. Civ. Code, § 2924.12 subd. (a)(1).  Further, under the HBOR, a "mortgage servicer…shall not be liable for any violation that it has corrected and remedied prior to the recordation of a trustee's deed upon sale." Cal. Civ. Code 2924.12 subd. (c).

Hutchins alleges that Nationstar violated Section 2923.6 when it 1) recorded a Notice of Default on November 16, 2015, 2) recorded a Notice of Trustee's Sale on April 21, 2016 and 3) "never [] fairly evaluated [Hutchins] for a foreclosure prevention alternative."

Despite filling in *some* of the gaps in his timeline in the FAC, Hutchins has still not alleged any "material" violation of the statute.  And Hutchins has not pled any facts to demonstrate how the purported violation(s) of section 2923.6 affected in harm to him. (See e.g., *Colom v. Wells Fargo* (N.D. Cal. Oct. 20, 2014)  2014 WL 5361421, at *1-2 (servicer's failure to cite NPV numbers in a denial letter, and the SPOC's failure to return emails and phone calls not considered "material" violations of HBOR); *Shapiro v. Sage Point Lender Servs*. (C.D. Cal. Oct. 24, 2014) 2014 WL 5419721, at *7 (finding delay in sending HBOR required acknowledgment letter immaterial where servicer provided letter with information and where borrower alleged no harm specific to the delay); *Rockridge Trust v. Wells Fargo, N.A*. (N.D. Cal. 2013)  985 F. Supp. 2d 1110, 1151 ("Plaintiffs have also not alleged damages as a result of any claimed violations [of the HBOR]).)

With regard to the Notice of Default, Hutchins has not alleged that he submitted any complete loan modification application *to Nationstar* before that document was recorded.  The

1  only application allegedly submitted before the Notice of Default was an application submitted to

2  the prior servicer Ban of America in January 2010, approximately 47 months earlier, and before

3  the California Homeowner's Bill of Rights had even been implemented.  FAC, ¶¶ 24- 25, 70.

4        With regard to the May 2016 recording of the Notice of Trustee's Sale, Hutchins alleges

5  that he had not received a determination on his appeal of the modification denial.  FAC, ¶ 73.

6  Accepting these allegations as true, Hutchins still has not stated any material violation because

7  documents incorporated into the original Complaint – *but omitted in Hutchins' amendment* –

8  demonstrate that Nationstar reviewed Hutchins for a loan modification in or about July 2016.

9  Compl., Ex. N.  As set forth in the October 6, 2016 letter, Nationstar conducted a modification

10 review and issued a denial on or about August 8, 2016.  *Id.*  Hutchins appealed the denial, and

11 Nationstar affirmed that the denial for modification assistance was valid in the October 6, 2016

12 letter.  *Id.*  To date, no foreclosure sale has occurred.  Thus, any alleged violation has been

13 "corrected and remedied prior to the recordation of a trustee's deed upon sale." Cal. Civ. Code

14 2924.12 subd. (c).

15       As for Hutchins' allegation that he was "never [] *fairly* evaluated for a foreclosure

16 prevention alternative," (emphasis added), the July 2016 review and subsequent denials similarly

17 refute Hutchins' allegations that no review was completed and establish that Nationstar complied

18 with the law.  Compl. Ex. N  Moreover, Hutchins' allegations demonstrate that he has already

19 received all that he may be entitled to under the HBOR, i.e., a postponement of the foreclosure

20 sale while loss mitigation options are explored.

21 **B.     Hutchins Fails To State A Claim For Violation Of Section 2923.7 (Claim 2)**

22       In relevant part, Section 2923.7, states, "[u]pon request from a borrower who requests a

23 foreclosure prevention alternative, the mortgage servicer shall promptly establish a single point of

24 contact and provide to the borrower one or more direct means of communication with the single

25 point of contact."  Cal. Civ. Code § 2923.7 subd. (a).

26       By his second claim, Hutchins boldly asserts Nationstar failed to provide him with a single

27 point of contact "to accurately and adequately inform him of the current status of the foreclosure

28 prevention alternative and ensure [he] is considered for all available loss mitigation options to

1 avoid foreclosure." FAC, ¶87, see also Compl., ¶116.

2 Hutchins also alleges that he "was later able to reach other representatives." FAC, ¶87.
3 Indeed, Hutchins alleges he spoke with "Faye," "Monique" and "Icy." FAC, ¶¶34-35. Hutchins'
4 claim is further refuted by the subsequent loss mitigation reviews that occurred and entailed
5 written correspondence, incorporated into the FAC and the original Complaint. See e.g., FAC, Ex.
6 C; Compl., Ex. N. And, like the Section 2923.6 claim, even if Hutchins had pleaded a violation of
7 Section 2923.7 (although he has not), he fails to plead facts to show a material violation of the
8 HBOR that was not remedied by the July 2016 loan modification review.

9 **C.     Hutchins Fails To State A Claim For Violation Of The UCL (Claim 3)**

10 Hutchins also once again fails to state a claim for violation of the UCL. First, Hutchins
11 lacks standing to bring a cause of action under the UCL. To have standing, a plaintiff must
12 sufficiently allege that (1) he has lost money or property… and (2) there is a 'causal connection'
13 between the defendant's alleged UCL violation and the plaintiff's injury in fact." *Rubio v. Capital*
14 *One Bank* 613 F.3d 1195, 1203-04 (9th Cir. 2010). Hutchins has not pled any actual economic
15 injury. Indeed, Hutchins admits that "[h]is last payment was made on July 10, 2009." FAC ¶ 24.
16 Even if Hutchins had lost money or property (which he has not), he has not pleaded a nexus
17 between the alleged injury and the alleged misconduct. To the contrary, it is clear that any alleged
18 injuries were caused by his undisputed failure to make his loan payments for the past year years.

19 Even if Hutchins had standing (although he does not), he fails to plead the any violation
20 with sufficiently particularity. See e.g., FAC ¶¶94-94, 100, 104; see also Compl., ¶¶ 121-139; see
21 also Order Granting Motion to Dismiss, Doc. 30 p.3:7-4:23. *None* of the general and conclusory
22 allegations regarding "fees" are tethered to Hutchins or his loan. FAC ¶¶45-68. Hutchins simply
23 fails to plead *facts.*

24 Furthermore, Hutchins cannot maintain a claim for violation of the UCL because he has
25 not sufficiently demonstrated any predicate unlawful, unfair or fraudulent conduct on the part of
26 Nationstar as Hutchins' causes of action fail as discussed herein. Hutchins simply has not alleged
27 any facts to show any unfair, unlawful, or fraudulent conduct on the part of Nationstar. *DiPirro v.*
28 *American Izzu Motors Inc*. 119 Cal.App.4th 966 (2005); *Durell v. Sharp Healthcare* 183

Cal.App.4th 1350, 1366 (2010).

**D.    Hutchins Fails To State A Claim For Negligence (Claim 4)**

In the Order Granting the Motion to Dismiss the original Complaint, the Court' directed Hutchins to:

> allege facts showing that Nationstar owed him a duty of care, sufficient to show that this alleged duty falls within the narrow exception to the general rule that a "financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money," see *Nymark v. Heart Fed. Sav. & Loan Ass'n,* 231 Cal.App.3d 1089, 1095-96 (1991), as set forth in *Alvarez v. BAC Home Loans Servicing LP*, 228 Cal.App.4th 941 (2014). Further, plaintiff must allege facts showing that Nationstar breached this duty of care, and that plaintiff was damaged.

Order on Motion to Dismiss, Doc. 30, p. 5:6-15.

Contrary to this directive, Hutchins' *amended* negligence claim is substantively identical to the negligence claim asserted in the original Complaint.  Compare, FAC, ¶¶ 109-122 with Compl. ¶¶140-154.

Once again, Hutchins fails to allege any facts demonstrating Nationstar breached any duty of care owed to him.  *Lueras v. BAC Home Loans Servicing L.P*. 221 Cal.App.4th 49 (2013); *Carbajal v. Wells Fargo Bank, N.A*., 2015 WL 2454054, at *6 (C.D. Cal. Apr. 10, 2015) ; *Armstrong v. Chevy Chase Bank, FSB*, 2012 WL 4747165, at *4 (N.D. Cal. Oct. 3, 2012); but see *Alvarez v. BAC Home Loans Servicing, L.P*. 228 Cal.App.4th 941, 945 (2014) and *Daniels v. Select Portfolio Servicing, Inc.*, 246 Cal.App.4th 1150, 1181 (2016) (review denied (July 27, 2016)).

Even if Nationstar did owe Hutchins a duty of care (which it did not), there are no allegations of breach and/or resulting damages.  Hutchins' allegations in support of this claim fail to satisfy Federal Rule of Civil Procedure 8(a).  And Hutchins has not otherwise plead any facts to show any cognizable conduct on the part of Nationstar which could give rise to Hutchins' contentions that the bank breached a duty of care to him.  The allegations discernable from the FAC, allege, at most, purported statutory violations which are now moot.  Hutchins fails to plead negligence on the part of Nationstar and the negligence claim must once again be dismissed.

**E.     Hutchins Fails To State A Claim For Negligent Misrepresentation (Claim 6)**

In the Order Granting the Motion to Dismiss the original Complaint, the Court' directed Hutchins to:

> allege particularized facts showing the "who, what, when, where, and how" of the alleged negligent misrepresentation. It is insufficient for plaintiff to simply allege, as he has here, that Nationstar "fraudulently misled him" into believing that it was going to work with "[p]laintiffs [sic]" to obtain a long term solution for "[p]laintiff's Loan or at least properly review them [sic] for a loan modification[;]" and that "[p]laintiffs [sic] have been fraudulently misled into believing that a long term solution to keep him [sic] in their [sic] home was being worked out and a sale date was not, in fact pending." Cplt ¶207.
>
> In addition, plaintiff must allege facts showing that Nationstar owed him a duty of care …. It is not sufficient to simplly allege that Nationstar owes him " a duty under [unspecified] common law, California statutory law, and Federal rules and regulations[;]" and that "Nationstar asserted facts that were not true, or concealed true facts, having no reasonable ground for believing it [sic] to be true, intending [p]laintiff to rely upon the assertions as to the review of their [sic] loan modification application. *See* Cplt. ¶211.

Order on Motion to Dismiss, Doc. 30, p. 6:22 – 7:9

Despite these directives, and like the negligence claim discussed above, Hutchins *amended* negligent misrepresentation claim is substantively identical to that asserted in the original Complaint, and dismissed by this Court. *Compare* FAC, ¶¶123-133 *with* Compl. ¶¶ 206-216. As a result, Hutchins once again fails to state any claim for negligent misrepresentation[4] against Nationstar.

"'[C]laims for ... negligent misrepresentation must meet [Federal Rule of Civil Procedure] Rule 9(b)'s particularity requirement.'" *Adesokan v. U.S. Bank, N.A.*, 2012 U.S. Dist. LEXIS 15192, at * 12 (E.D. Cal. 2012) (*quoting Neilson v. Union Bank of Cal., NA*, 290 F.Supp.2d 1101, 1141 (C.D. Cal. 2003)). To satisfy this standard, the allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so

---

[4] In California, a claim of negligent misrepresentation has four elements: (1) misrepresentation; (2) knowledge of falsity; (3) justifiable reliance; and (4) resulting damages. *Intrieri v. Superior Court*, 117 Cal.App.4th 72, 86 (2004).

1 that they can defend against the charge and not just deny that they have done anything wrong."

2 *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir.1985). Thus, these claims must allege "an

3 account of the time, place, and specific content of the false representations as well as the identities

4 of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir.2007).

5       In support of this claim, Hutchins repeats those allegations previously deemed insufficient

6 by the Court.  Hutchins' FAC echoes the very allegations the Court cited in its Order: "Nationstar

7 has fraudulently misled Plaintiff to believe that Nationstar was going to work with Plaintiff to

8 obtain a long term solution for Plaintiff's Loan or at least properly review for a loan

9 modification." *Compare* FAC, ¶154 *with* Compl., ¶ 207; Order on Motion to Dismiss, Doc. 30, p.

10 6:22 – 7:9;  *Compare* FAC, ¶¶123-133 *with* Compl. ¶¶ 206-216, generally.   Once again, there are

11 no facts to support this alleged statement.  Hutchins certainly has not pled this claim with the level

12 of particularly required.  Moreover, this misrepresentation is not a statement of fact upon which a

13 fraud claim may be based. *Carbajal v. Wells Fargo Bank, N.A.,* No. CV 14-7851 PSG PLAX,

14 2015 WL 2454054, at *3 (C.D. Cal. Apr. 10, 2015).

15       Nevertheless, Hutchins' allegations show he has been reviewed and reviewed and re-

16 reviewed for a modification of the Loan over the past eight years he has been in default.  Thus, he

17 fails to plead any reliance or damages.  The negligent misrepresentation claim must therefore be

18 dismissed.

### VI.  CONCLUSION

20       Based on all of the foregoing reasons, those set forth in the reply (if any) and at oral

21 argument on this matter, Nationstar respectfully requests that the Court grant its motion to dismiss.

22 The Court gave Hutchins an opportunity to remedy the defects of his pleadings.  Having had that

23 opportunity, it is clear that Hutchins has no viable claim.  Thus, Defendant respectfully requests

24 that the motion be granted with prejudice and that Hutchins not be granted further leave to amend.

25

26

27

28

DATED: June 28, 2017            Respectfully submitted,

                                  SEVERSON & WERSON, A Professional Corporation
                                  By:     /s/ Megan C. Kelly
                                                  Megan C. Kelly
                                  Attorneys for Defendant NATIONSTAR MORTGAGE LLC